FILED
2025 Jun-11  PM 01:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JASON B. BLUE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | _____ |
| **MORNINGSTAR PROPERTIES, LLC;** | ) | |
| **BLUE DOORS PROPERTY** | ) | |
| **MANAGEMENT, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1441 and 1446, Defendant Morningstar Properties, LLC, by counsel, specially appears for the purpose of this removal and, preserving all defenses, removes this civil action to the United States District Court for the Northern District of Alabama from the Circuit Court of Jefferson County, Alabama.

In support of this Notice of Removal, the Defendant states as follows:

## I.    OVERVIEW

1.    On May 12, 2025, the Plaintiff Jason B. Blue ("Plaintiff") filed suit against the Defendants in the Circuit Court of Jefferson County, Alabama, Case No. 01-CV-2025-901890.00. A true and correct copy of the Complaint, together with Summons, Proof, and Civil Cover Sheet, is attached hereto as **Exhibit A**.

2.     The Plaintiff served Morningstar Properties, LLC with the Complaint by certified mail on May 13, 2025.

3.     According to Alabama's electronic filing system, Defendant Blue Doors Property Management, LLC was served with the Complaint on June 11, 2025.

4.     Pursuant to § 1446(a), Defendant has filed herewith a copy of all process, pleadings, and orders filed in the case to date.

5.     Neither Morningstar Properties, LLC nor Blue Doors Property Management, LLC filed responsive pleadings in the Circuit Court of Jefferson County, Alabama, in advance of removing the case to this Court.

6.     A copy of this Notice of Removal will be filed with the Circuit Court of Jefferson County, Alabama, and a copy will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

7.     The Plaintiff's allegations against the Defendants in this case arise from an incident that occurred in Jefferson County, Alabama, on May 16, 2023. (Ex. A, Complaint ¶ 5).

8.     The Plaintiff claims to have suffered bodily injuries, incursion of medical expenses, lost wages (past and future), loss of earning capacity, permanent injury and mental anguish. (*Id*. at ¶ 9). The Plaintiff makes claims for both compensatory and punitive damages. (*Id*. at Prayers for Relief following ¶¶ 13, 18, 29, 33).

9.    Removal in this case is based upon 28 U.S.C. §§ 1332 and 1441(a). As set forth below, removal is proper because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because there is complete diversity between the parties.

## II.    JURISDICTION AND VENUE

10.    Subject matter jurisdiction is based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides the Court with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states" and "citizens of a State and citizens or subjects of a foreign state."

11.    Venue is proper in the Northern District of Alabama, Southern Division, because the state court action was filed in the Circuit Court of Jefferson County, Alabama. Thus, this Court is the "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.    GROUNDS FOR REMOVAL

12.    Removal of this case is proper under 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a). Together, these statutes allow for the removal of any civil action between "citizens of different states" where the amount in controversy exceeds

$75,000, provided that no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

13.    All requirements are met in this case. The amount in controversy exceeds $75,000, and there is complete diversity between the Plaintiff and the Defendants.

A.    <u>**The Amount in Controversy Exceeds $75,000**</u>

14.    The "amount in controversy" element of diversity jurisdiction requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

15.    In determining whether the amount in controversy requirement is satisfied where, as here, there is an unspecified claim for damages, the removing defendant need only prove by a "preponderance of the evidence" that the amount in controversy exceeds the jurisdictional minimum. *Jones v. Novartis Pharm. Co.,* 952 F.Supp.2d 1277, 1282 (N.D. Ala. 2013). District courts "may use their 'judicial experience and common sense' in deciding whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1283.

16.    Here, the amount in controversy requirement is satisfied based on the allegations in the Complaint. It is facially apparent from the pleading itself – in which Plaintiff (1) claims to have suffered bodily injuries, incursion of medical expenses, lost wages (past and future), loss of earning capacity, permanent injury

and mental anguish:

> 9.    As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:
>
> > a.  Plaintiff suffered injuries to various portions of plaintiff's body;
> >
> > b.  Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;
> >
> > c.  Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;
> >
> > d.  Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;
> >
> > e.  Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;
> >
> > f.  Plaintiff has experienced and continues to experience mental anguish;
> >
> > g.  Plaintiff is reasonably certain to experience mental anguish in the future;
> >
> > h.  Plaintiff was caused to incur out-of-pocket medical expenses; and
> >
> > i.  Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits.

(Exh. A at ¶ 9). Plaintiff further alleges that he is entitled to both compensatory and punitive damages. (*Id*. at Prayers for Relief following ¶¶ 13, 18, 29, 33). Based on the foregoing, the amount in controversy exceeds the jurisdictional minimum, despite the complaint not identifying a specific amount of damages. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)). Accordingly, the amount in controversy requirement for removal is satisfied.

**B.**     <u>**Complete Diversity Exists Between the Plaintiff and the Defendants**</u>

17.     Complete diversity of citizenship exists because the Plaintiff is domiciled in Alabama, and the Defendants are foreign citizens.

18.     At the time this action was commenced, the Plaintiff was domiciled in St. Clair County, Alabama. (Exh. A at ¶ 1). Thus, the Plaintiff is a citizen of Alabama for purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of federal diversity jurisdiction.").

19.     At the time this action was commenced, Morningstar Properties, LLC was and remains a limited liability company incorporated in Delaware and who principal place of business is in North Carolina. Thus, for purposes of diversity, Morningstar Properties, LLC is a citizen of a foreign state. 28 U.S.C. § 1332(c)(1).

20.     Upon information and belief, at the time this action was commenced, Blue Door Property Management, LLC was and remains a limited liability company incorporated in North Carolina and who principal place of business is in North Carolina. Thus, for purposes of diversity, Morningstar Properties, LLC is a citizen of a foreign state. 28 U.S.C. § 1332(c)(1).

21.     As such, there is complete diversity between the Plaintiff and the Defendants. Accordingly, removal is proper pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1332(a).

## IV.    **CONCLUSION**

22.    Removal of this action is proper under 28 U.S.C. §§ 1441 and 1332.

23.    Should the Plaintiff move to remand this case, Defendant respectfully requests an opportunity to respond more fully in writing, including the submission of additional declarations and authority.

24.    The Defendants reserve all of their defenses.

In consideration of these things, Defendant Morningstar Properties, LLC hereby removes this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. This Notice has been served on all counsel of record on the date and manner stated in the Certificate of Service.

Submitted on June 11, 2025

Respectfully Submitted,

*/s/ Jeremy W. Richter*
Stacy L. Moon (ASB-6468-I72S)
Jeremy W. Richter (ASB-2572-H93F)
**GORDON REES SCULLY
MANSUKHANI, LLP**
505 20th Street N., Suite 1650
Birmingham, AL 35203
P: (205) 980-8200
E:    smoon@grsm.com
        jrichter@grsm.com

*Attorney for Defendant
Morningstar Properties, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 11, 2025, the foregoing document was served on

counsel of record for the Plaintiff, listed below, via email:

Brian A. Traywick
Alishia N. Traywick
**SHUNNARAH INJURY ATTORNEYS, PC**
3626 Clairmont Ave.
Birmingham, AL 35222
Phone: (205) 983-4056
btraywick@asilpc.com
atraywick@asilpc.com

*Counsel for Plaintiff*

/s/ Jeremy W. Richter
OF COUNSEL

# Exhibit A

CLERK
OUNTY

NORTH



CERTIFIED MAIL

9589 0710 5270 1981 4603 78

US POSTAGE PB PITNEY BOWES

ZIP 35203
02 7W
0008029979 MAY 13 2025

$ 018.10⁰



AlaFile E-Notice

01-CV-2025-901890.00

To:  BLUE DOORS PROPERTY MANAGEMENT LLC
     C/O URGENCY GLOBAL INC.
     2810 COLISEUM DR. STE 120
     CHARLOTTE, NC, 28217

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JASON B BLUE V. MORNING STAR PROPERTIES LLC ET AL
01-CV-2025-901890.00

The following complaint was FILED on 5/12/2025 2:13:34 PM

Notice Date:     5/12/2025 2:13:34 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

DOCUMENT 4

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2023 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2025-901890.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JASON B BLUE V. MORNING STAR PROPERTIES LLC ET AL

**NOTICE TO:** BLUE DOORS PROPERTY MANAGEMENT LLC, C/O CONGENCY GLOBAL INC. 2810 COLISEUM DR. STE 120, CHARLOTTE, NC 28217

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), BRIAN ADAM TRAYWICK

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3626 CLAIRMONT AVE. S., BIRMINGHAM, AL 35222

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL
### PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request below of pursuant to the Alabama Rules of the Civil Procedure.

JASON B BLUE
*[Name(s)]*

| 05/12/2025 | /s/ JACQUELINE ANDERSON SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ BRIAN ADAM TRAYWICK
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

*Certified Mail*

☐ Return receipt of certified mail received in this office on _____
*(Date)*

*Personal/Authorized*

☐ I certify that I personally delivered a copy of this Summons and the Complaint or other document to _____ in _____ County, Alabama on _____.

*(First and Last Name of Person Served)* | *(Name of County)* | *(Date)*

Document left:

   ☐ with above-named Defendant;

   ☐ with an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

   ☐ at the above-named Defendant's dwelling house or place or usual place of abode with some person of suitable age and discretion then residing therein.

*Return of Non-Service*

☐ I certify that service of process of this Summons and the Complaint or other document was refused by _____ in _____ County, Alabama on _____ who is:

*(First and Last Name of Person Served)* | *(Name of County)* | *(Date)*

   ☐ the above-named Defendant;

   ☐ an individual authorized to receive service of process pursuant to Rule 4(c), Alabama Rules of Civil Procedure;

☐ As a designated process server pursuant to Rule 4(i)(1)(B), Alabama Rules of Civil Procedure, I certify that I am at least 19 years of age, I am not a party to this proceeding, and I am not related within the third degree by blood or marriage to the party seeking service of process.

*(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)*

*(Badge or Precinct Number of Sheriff or Constable)* | *(Server's Printed Name)*

*(Badge or Precinct Number of Sheriff or Constable)* | *(Telephone Number of Designated Process Server)*

DOCUMENT 1

ELECTRONICALLY FILED
5/12/2025 2:13 PM
01-CV-2025-901890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>01<br>Date of Filing:          Judge Code:<br>05/12/2025 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### JASON B BLUE v. MORNING STAR PROPERTIES LLC ET AL

**First Plaintiff:** ☐ Business  ☑ Individual       **First Defendant:** ☑ Business  ☐ Individual
                    ☐ Government ☐ Other                              ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
  Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
  Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER
                                          DISTRICT COURT

         R ☐ REMANDED           T ☐ TRANSFERRED FROM
                                   OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a
                                                  jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
    TRA044            5/12/2025 2:13:30 PM              /s/ BRIAN ADAM TRAYWICK
                      _____               _____
                      Date                              Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**       ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☐ NO

DOCUMENT 2

ELECTRONICALLY FILED
5/12/2025 2:13 PM
01-CV-2025-901890.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **JASON B. BLUE,** | ) | **<u>JURY TRIAL IS REQUESTED</u>** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: CV-2025-000103.00** |
| | ) | |
| **MORNING STAR PROPERTIES LLC,** | ) | |
| **BLUE DOORS PROPERTY** | ) | |
| **MANAGEMENT LLC,** | ) | |
| **; and SOME OTHER ENTITY…..** | ) | |
| **and** | ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, any entity which had the duty to maintain the safe condition of the electrical wires located at the property/business in question; No. 2, any entity which had a duty to warn and failed to warn, had a duty to issue and failed to issue or issued inadequate warning or instructions, regarding the hazardous condition to Plaintiff at the property/business in question; No. 3, any entity which had a duty to inspect the area in question for hazards, hidden defects or dangerous conditions at the property/business in question; No. 4, any entity which placed, allowed or caused the hazard condition in question to manifest at the property/business in question; No. 5, whether any entity which provided general liability or premises liability or medical payment coverage to the property/business in question; No. 6, any entity which conducted safety inspections or analyses or provided consulting services pertaining to the area in question at the property/business in question; No. 7, any entity which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; No. 8, any entity which was involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, any entity which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff; No. 10, any entity which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, any entity other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, any entity which reinsured or provided excess coverage for said premises; No. 13, any entity which is the successor in interest of any of those entities described herein; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as

proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted
when ascertained],

**Defendants.**                                   )

## COMPLAINT

### PARTIES

1.      Plaintiff, Jason B. Blue (hereinafter referred to as "Plaintiff"), is an individual over
the age of nineteen (19) years and is a resident of St. Clair County, Alabama.

2.      Defendant Morning Star Properties LLC   (hereinafter referred to singularly as
"Defendant Morning Star," or together with Fictitious Defendants as "Defendants"), owns and
maintains the property located at 417 22nd Street North, Birmingham, Alabama 35203.

3.      Blue Doors Property Management LLC (hereinafter referred to singularly as
"Defendant Blue Doors," or together with Fictitious Defendants as "Defendants"), manages and
maintains the property located at 417 22nd Street North, Birmingham, Alabama 35203.

4.      Fictitious Defendants, described above as numbers one (1) through eighteen (18), are
those persons or entities whose names will be substituted upon learning their true identities.

### FACTUAL BACKGROUND

5.      On or about the 16th day of May 2023, Plaintiff was an invitee of Defendant
Morning Star and Defendant Blue, 417 22nd Street North, Birmingham, Alabama 35203, when
Plaintiff suffered burns and injuries due to dangerous electrical wires.

6.      The hazardous condition and/or area present that day originated from Defendants.

7.      Defendants controlled, owned and maintained the said premises.

8.      Defendants negligently, recklessly, and/or wantonly caused or allowed Plaintiff to
fall and suffer injuries and damages to Plaintiff's person by failing to keep and maintain its
premises free and clear of potentially hazardous conditions of which they were aware or should
have known through their inspection of the premises for said hazardous conditions.  Defendants
had actual or constructive notice and/or were delinquent in not discovering and removing the

hazardous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard by allowing the hazardous condition to remain in the area in question which was in the path of invitees of the Defendant; further, the Defendant was negligent and/or wanton in creating a hazardous condition in the path of invitees and did not provide adequate warning to Plaintiff.

9.      As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

       a.  Plaintiff suffered injuries to various portions of plaintiff's body;

       b.  Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

       c.  Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

       d.  Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

       e.  Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

       f.  Plaintiff has experienced and continues to experience mental anguish;

       g.  Plaintiff is reasonably certain to experience mental anguish in the future;

       h.  Plaintiff was caused to incur out-of-pocket medical expenses; and

       i.  Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits.

## COUNT I - NEGLIGENCE

10.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

11.     As described in the Factual Background above, on the date in question Plaintiff was an invitee at Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

12.     Defendants negligently caused or allowed Plaintiff to be injured on their premises as they failed to keep and maintain its premises to be free and clear of potentially hazardous conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their invitees of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by invitees. Further, Defendant(s) were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises that was a hazard to their invitees.

13.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

14.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

- 4 -

15.     As described in the Factual Background above, on the date in question Plaintiff was an invitee at Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

16.     Defendants recklessly and/or wantonly caused or allowed Plaintiff to be injured at their establishment by failing to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition and were wanton in creating a hazard of a dangerous electrical wires in the path of invitees of the facility and were wanton in affirmatively creating a hazard of allowing dangerous electrical wires to be placed or allowed to remain on a route regularly used by its invitees in a location that would likely lead to harm to its invitees due to the location of the hazard.

17.     Defendants recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be placed or to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to its invitees, and did cause injury to Plaintiff.

18.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth above, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III – PREMISES LIABILITY

19.     Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

20.     As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

21.     Defendants negligently, recklessly and/or wantonly caused or allowed a hazard to remain in an area that was used by its invitees.

22.     At the aforesaid time and place, Defendants were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place as an invitee. Further, if any defects in their owned or leased premises existed, Defendants had the duty to warn its invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees. Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place as in invitee and by failing to warn the Plaintiff of the hazard and/or defect which were encountered which was known to Defendant or which Defendant negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

23.     Defendants were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured. Defendants also controlled the inspecting and maintaining of said invitee areas and Defendants are also responsible for establishing patterns and routes for its invitees to walk and/or travel around and about the premises at the time and place of the occurrence made the basis of Plaintiff's complaint. Defendants negligently and/or wantonly

- 6 -

caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the premises upon which Plaintiff was injured to be unreasonably hazardous or by ignoring the present hazard or creating the hazard by their process of organizing.. Said Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the ceiling, storage units, and facilities were maintained and presented to the invitees for their use in ambulating and/or traveling about the facility as invitees moved about the premises and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

24.     Plaintiff avers that Defendants negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff. Defendants negligently, wantonly, recklessly and/or willfully caused or allowed the hazardous condition to remain in a foreseeably traveled area in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

25.     At the aforesaid time and place, Defendants did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

26.     Defendants negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

- 7 -

27.     Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of Defendants.

28.     The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

29.     As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

30.     As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from a hazardous condition at the Defendant's premises.

31.     Defendants were under an obligation and duty to train and supervise their employees to properly inspect the foreseeably accessible areas for their invitees so that there are no dangerous conditions which were not readily discoverable to their invitees.

32.     Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the property and/or premises free and clear of dangerous conditions. Defendants' failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

33.     As a direct and proximate consequence of Defendants' negligent, reckless and wanton training and supervision, Plaintiff was injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

Respectfully Submitted,

/s/ Brian A. Traywick
**Brian A. Traywick**
**(TRA044)**

/s/ Alishia N. Traywick
**Alishia N. Traywick**
**(TRA051)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222
(205) 203-4056
(205) 203-4057- Facsimile

Plaintiff's Address:
Jason B. Blue
c/o Brian A. Traywick
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

DOCUMENT 2

## NOTICE OF SERVICE

**Defendant shall be served with this Complaint and Discovery Requests by certified mail at the location below:**

Morning Star Properties LLC
c/o Julie H. Dabbs
1043 Rainbow Avenue South
Rainsville, Alabama 35986

Blue Doors Property Management LLC
c/o Congency Global Inc.
2810 Coliseum Drive, Suite 120
Charolette, North Carolina 28217

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: STACY MOON**
6/11/2025 11:37:42 AM

*alacourt.com*

County: **01**     Case Number: **CV-2025-901890.00**     Court Action:

Style: **JASON B BLUE V. MORNING STAR PROPERTIES LLC ET AL**

`Real Time`

### Case

#### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **01-JEFFERSON -** **BIRMINGHAM** | Case Number: | **CV-2025-901890.00** | Judge: | **MYA:MONICA Y. AGEE** |
| Style: | **JASON B BLUE V. MORNING STAR PROPERTIES LLC ET AL** | | | | |
| Filed: | **05/12/2025** | Case Status: | **ACTIVE** | Case Type: | **NEGLIGENCE-GENERAL** |
| Trial Type: | **JURY** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **2** | | |

#### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

#### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: |
| Dispositon Date of Appeal: | | Disposition Judge: | **:** | Disposition Type: |
| Revised Judgement Date: | | Minstral: | | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | |

#### Comments

Comment 1:

Comment 2:

#### Appeal Information

| | | | | |
|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: |
| Appeal Status: | | Orgin Of Appeal: | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | | Appeal To Desc: | Disposition Type Of Appeal: | |

#### Administrative Information

| | | | | |
|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: |
| Number of Subponeas: | | Last Update: | **05/12/2025** | Updated By:     **AJA** |

### Parties

#### Party 1 - Plaintiff INDIVIDUAL - BLUE JASON B

##### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **BLUE JASON B** | Type: | **I-INDIVIDUAL** |
| Index: | **D MORNING STAR** | Alt Name: | | JID: | **MYA** |
| Address 1: | **224 WILLIE LANE** | | | Phone: | **(205) 000-0000** |
| | | | | Hardship: **No** | |

| Address 2: | | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | **PELL CITY** | State: | **AL** | Zip: | **35125-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

### Court Action

| Court Action: | | | | Court Action Date: | |
|---|---|---|---|---|---|
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| Issued: | | Issued Type: | | Reissue: | | Reissue Type: | |
|---|---|---|---|---|---|---|---|
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | | Service Type | | Service On: | | Notice of No Answer: | |
| Answer: | | Answer Type: | | Notice of No Service: | | Served by: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | TRA044 | | TRAYWICK BRIAN ADAM | **BTRAYWICK@ASILPC.COM** | (205) 234-0485 |
| Attorney 2 | TRA051 | | TRAYWICK ALISHIA NICOLE | **ATRAYWICK@ASILPC.COM** | (205) 234-0485 |

## Party 2 - Defendant BUSINESS - MORNING STAR PROPERTIES LLC

### Party Information

| Party: | **D001-Defendant** | Name: | **MORNING STAR PROPERTIES LLC** | | Type: | **B-BUSINESS** |
|---|---|---|---|---|---|---|
| Index: | **C BLUE JASON** | Alt Name: | | Hardship: | **No** | JID: | **MYA** |
| Address 1: | **C/O JULIE H. DABBS** | | Phone: | **(205) 000-0000** | | |
| Address 2: | **1043 RAINBOW AVENUE S.** | | | | | |
| City: | **RAINSVILLE** | State: | **AL** | Zip: | **35986-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

### Court Action

| Court Action: | | | | Court Action Date: | |
|---|---|---|---|---|---|
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| Issued: | **05/12/2025** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | | Reissue Type: | |
|---|---|---|---|---|---|---|---|
| Return: | | Return Type: | | Return: | | Return Type: | |
| Served: | | Service Type | | Service On: | | Notice of No Answer: | |
| Answer: | | Answer Type: | | Notice of No Service: | | Served by: | |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant BUSINESS - BLUE DOORS PROPERTY MANAGEMENT LLC

## Party Information

| Party: | D002-Defendant | Name: | **BLUE DOORS PROPERTY MANAGEMENT LLC** | Type: | **B-BUSINESS** |
|---|---|---|---|---|---|
| Index: | **C BLUE JASON** | Alt Name: | | Hardship: **No** | JID: **MYA** |
| Address 1: | **C/O CONGENCY GLOBAL INC.** | | | Phone: **(205) 000-0000** | |
| Address 2: | **2810 COLISEUM DR. STE 120** | | | | |
| City: | **CHARLOTTE** | State: | **NC** | Zip: **28217-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **05/12/2025** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | **06/11/2025** | Service Type | **C-CERTIFIED MAIL** | Service On: | Notice of No Answer: Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

# Financial

## Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| **ACTIVE** | N | AOCC - CERT-AOC | C001 | | $36.20 | $36.20 | $0.00 | $0.00 | 0 |
| **ACTIVE** | N | CONV - CONV FEE | C001 | | $19.54 | $19.54 | $0.00 | $0.00 | 0 |
| **ACTIVE** | N | CV05 - CV OVER $50K | C001 | | $306.00 | $306.00 | $0.00 | $0.00 | 0 |
| **ACTIVE** | N | JDMD - JURY DEMAND | C001 | | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| **ACTIVE** | N | VADM - VADM FEE | C001 | | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $506.74 | $506.74 | $0.00 | $0.00 | |

## Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/13/2025 | RECEIPT | AOCC - CERT-AOC | 2025157 | 42310200 | $36.20 | C001 | 000 | Credit Card | N | | | PDS |
| 05/13/2025 | CREDIT | CONV - CONV FEE | 2025157 | 42310300 | $19.54 | C001 | 000 | Cash | N | | | PDS |
| 05/13/2025 | RECEIPT | CV05 - CV OVER $50K | 2025157 | 42310400 | $306.00 | C001 | 000 | Credit Card | N | | | PDS |
| 05/13/2025 | RECEIPT | JDMD - JURY DEMAND | 2025157 | 42310500 | $100.00 | C001 | 000 | Credit Card | N | | | PDS |
| 05/13/2025 | RECEIPT | VADM - VADM FEE | 2025157 | 42310600 | $45.00 | C001 | 000 | Credit Card | N | | | PDS |

# Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 5/12/2025 | 2:13 PM | FILE | FILED THIS DATE: 05/12/2025          (AV01) | AJA |
| 5/12/2025 | 2:13 PM | ECOMP | COMPLAINT E-FILED. | TRA044 |
| 5/12/2025 | 2:13 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 5/12/2025 | 2:13 PM | ASSJ | ASSIGNED TO JUDGE: MONICA Y. AGEE          (AV01) | AJA |
| 5/12/2025 | 2:13 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 5/12/2025 | 2:13 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 5/12/2025 | 2:13 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 5/12/2025 | 2:13 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 5/12/2025 | 2:13 PM | C001 | C001 PARTY ADDED: BLUE JASON B          (AV02) | AJA |
| 5/12/2025 | 2:13 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/12/2025 | 2:13 PM | C001 | LISTED AS ATTORNEY FOR C001: TRAYWICK BRIAN ADAM | AJA |
| 5/12/2025 | 2:13 PM | C001 | LISTED AS ATTORNEY FOR C001: TRAYWICK ALISHIA NIC | AJA |
| 5/12/2025 | 2:13 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 5/12/2025 | 2:13 PM | D001 | D001 PARTY ADDED: MORNING STAR PROPERTIES LLC | AJA |
| 5/12/2025 | 2:13 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/12/2025 | 2:13 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 5/12/2025 | 2:13 PM | D001 | CERTIFIED MAI ISSUED: 05/12/2025 TO D001          (AV02) | AJA |
| 5/12/2025 | 2:13 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 5/12/2025 | 2:13 PM | D002 | D002 PARTY ADDED: BLUE DOORS PROPERTY MANAGEMENT L | AJA |
| 5/12/2025 | 2:13 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/12/2025 | 2:13 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 5/12/2025 | 2:13 PM | D002 | CERTIFIED MAI ISSUED: 05/12/2025 TO D002          (AV02) | AJA |
| 5/12/2025 | 2:13 PM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 5/13/2025 | 11:25 AM | ESCAN | SCAN - FILED 5/13/2025 - NOTICE | KAD |
| 6/11/2025 | 9:43 AM | D002 | SERVICE OF CERTIFIED MAI ON 06/11/2025 FOR D002 | KAD |
| 6/11/2025 | 9:43 AM | ESERC | SERVICE RETURN | KAD |

## *Images*

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 5/12/2025 2:13:31 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 5/12/2025 2:13:32 PM | 2 | COMPLAINT | | 10 |
| 5/12/2025 2:19:45 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 3 |
| 5/12/2025 2:19:48 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 2 |
| 5/13/2025 11:25:25 AM | 5 | NOTICE | TO CLERK | 3 |
| 6/11/2025 9:43:56 AM | 6 | SERVICE RETURN | SERVICE RETURN | 2 |
| 6/11/2025 9:44:16 AM | 7 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |

 **END OF THE REPORT**